IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michelle Collins, ) | Civil Action No.: 6:10-cv-00288-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Kevin F. McDonald.[1] Plaintiff Michelle Collins brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**Factual Findings and Procedural History**

Plaintiff applied for supplemental security income benefits on July 17, 2006, alleging that she became unable to work on January 1, 2006. The application was denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on April 27, 2009, and Plaintiff appeared and testified. A vocational expert also testified. The ALJ issued a decision dated June 4, 2009, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1. The claimant has not engaged in substantial gainful activity since July 17, 2006, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: chronic hiccups, anxiety, depression, and fibromyalgia.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

…

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work with limitations involving avoiding the use of moving machinery. The claimant should perform no work involving unprotected heights. The claimant can perform repetitive tasks and should have only occasional contact with the public.

…

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

…

6. The claimant was born on December 9, 1972 and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed. (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 416.969, 419.969a and 419.968(d)).

…

9. The claimant has not been under a disability, as defined in the Social Security Act, since July 17, 2006, the date the application was filed (20 CFR 416.920(g)).

Tr. 66-71.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on December 8, 2009. On February 8, 2010, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 10, 12, 13, & 15, and the Magistrate Judge issued his Report and Recommendation ("R&R") on May 6, 2011, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 16. Plaintiff filed timely objections to the R&R on May 23, 2011, Pl.'s Objs., ECF No. 18, and the Commissioner replied on June 3, 2012, Def.'s Reply, ECF No. 21.

## **Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted). This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that

the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

4

## **Determination of Disability**

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 1382(a)(3). The term "disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Id.* § 1382(a)(3)(a). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 416.960(a). These factors include the claimant's (1) "residual functional capacity," *id.* § 416.960(a); (2) age, *id.* § 416.963; (3) education, *id.* § 416.964; (4) work experience, *id.* § 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 416.966. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 416.960(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of

5

evaluation suggested by 20 C.F.R. § 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## Analysis

The Magistrate Judge recommends affirming the final decision of the Commissioner, concluding the decision is supported by substantial evidence and free of legal error. Plaintiff, however, objects to the R&R. Generally, Plaintiff contends the Magistrate Judge erred in concluding that the Commissioner had properly discounted the opinions of Plaintiff's treating physician and the credibility and subjective allegations of Plaintiff. Subsequent to the R&R, the Fourth Circuit published an opinion in the case of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), reversing the decision of the district court and remanding the case for a rehearing before the ALJ. The procedural posture of and issue presented in *Meyer* are strikingly similar to Plaintiff's second objection, and for that reason, the Court will address Plaintiff's second objection first.

Specifically, Plaintiff contends that the Magistrate Judge failed to adequately explain why new evidence submitted to the Appeals Council—evidence that was not considered by the ALJ— did not affect Plaintiff's credibility assessment of her mental impairments or require a remand for reconsideration. The new evidence consisted of records from Plaintiff's hospital admission for a March 2009 Thorazine overdose. *See* Tr. 457-74. Plaintiff argues her suicide attempt only "confirms that the [Commissioner] may have not made an accurate assessment of [Plaintiff's] true mental [residual functional capacity]." Pl.'s Objs. 10. The Court agrees.

Under 20 C.F.R. § 416.929(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by [Plaintiff]." *Id.* (internal quotation marks omitted). Once the Commissioner concludes that this threshold requirement has been met, the Commissioner must evaluate "the intensity and persistence of [Plaintiff's] pain, and the extent to which it affects her ability to work."[2] *Id.* at 595. "[T]his evaluation must take into account not only [Plaintiff's] statements about her pain, but also 'all the available evidence,' including [Plaintiff's] medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of [Plaintiff's] daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (citations omitted). The Commissioner may not disregard or discredit Plaintiff's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p; *see also Craig*, 76 F.3d at 595. The Fourth Circuit has held that once a claimant meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of

---

[2] Specifically, the following factors relevant to one's pain and symptoms will be considered by the Commissioner: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms (such as lying flat on one's back, standing for 15 to 20 minutes each hour, etc.); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3).

7

the test, *i.e.*, that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

However,

> [t]his is not say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers . . . .

*Craig*, 76 F.3d at 595. Finally, the Commissioner's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The Magistrate Judge concluded that the Commissioner's decision regarding Plaintiff's credibility was supported by substantial evidence, even taking into account the records of Plaintiff's March 2009 hospitalization, which were never considered by the ALJ. The Appeals Council supplemented the record with the hospital records but ultimately denied Plaintiff's request for review of the ALJ's decision. Tr. 5.

The Magistrate Judge was correct in considering the new evidence pursuant to *Wilkins v. Secretary, Department of Health and Human Services*, 953 F.2d 93 (4th Cir. 1991); however, at the time of his recommendation, *Meyer* had not yet been decided. In *Meyer*, like Plaintiff here, the plaintiff submitted new evidence to the Appeals Council that was not considered by the ALJ, and

8

the Appeals Council, even though it incorporated the new evidence in the record, denied the plaintiff's request for review. 662 F.3d at 703-04. The plaintiff filed an action with the district court for judicial review of the Commissioner's decision, and the district court found substantial evidence supported the Commissioner's decision to give a medical opinion minimal weight. *Id.* at 704. The Fourth Circuit, however, reversed the ruling of the district court. *Id.* at 707.

The Fourth Circuit found that after "consideration of the record as a whole, [it could not] determine whether substantial evidence support[ed] the [Commissioner's] denial of benefits." *Id.* The court reasoned as follows:

> [N]o fact finder has made any findings as to the treating physician's opinion or attempted to reconcile [the new] evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance.

*Id.*

The hospital records here present precisely the same issue. The Commissioner's credibility findings were premised in part on a finding that "[t]he record did not evidence that [Plaintiff] was ever hospitalized []or . . . under treatment for depression or anxiety by a mental health professional." The Commissioner, moreover, focused on evidence in Dr. Spurgeon Cole's records that Plaintiff did not "exhibit any depressive symptom[a]tology." Tr. 68. These findings are in direct conflict to the new evidence and, like in *Meyer*, no findings were made reconciling the new evidence. Given that this Court lacks the authority to weigh the evidence, remand is appropriate. On remand, the Commissioner shall reconsider his findings in light of the hospital records from Plaintiff's March 2009 admission.[3]

---

[3] Because of the remand to consider the March 2009 hospital records, the Court declines to address Plaintiff's objection to the Magistrate Judge's recommendation to affirm the Commissioner's

9

**Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

July 31, 2012
Florence, South Carolina

---

decision to give the opinions of Dr. Daniel Smith, Plaintiff's treating physician, little weight. As noted by Plaintiff, the Magistrate Judge found the Commissioner's decision was supported by the opinions of Dr. Cole, who the Commissioner found had "noted that [Plaintiff] had not been treated by a mental health professional [or] admitted to a psychiatric hospital." Tr. 68. The Commissioner, therefore, appears to have also relied on the absence of evidence that Plaintiff had been hospitalized in discounting Dr. Cole's and Dr. Daniel Smith's opinions. On remand, therefore, the Commissioner should also reassess the weight of the medical opinions of Dr. Smith and the other medical professionals, taking into account Plaintiff's overdose and hospitalization. In short, the Court is mindful that the absence of the hospital records may have affected the Commissioner's weighing of the evidence as a whole but that the prerogative to assign weight remains with the Commissioner. *See Meyer*, 662 F.3d at 707.